UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   05/13/26
```

FLORIBERTO VILLALVA,

Plaintiff,

-against-

ARKAN FOOD CORP., et al.,

Defendant.

25-CV-6121 (BCM)

**ORDER APPROVING SETTLEMENT**

**BARBARA MOSES, United States Magistrate Judge.**

By letter-motion dated October 15, 2025 (Pl. Letter) (Dkt. 13), plaintiff Floriberto Villalva, represented by attorney Raymond Nardo, seeks approval of the parties' Negotiated Settlement and Limited Wage and Hour Release (Sett. Ag.) (Dkt. 13-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d. Cir. 2015).[1] The Settlement Agreement was signed by Villalva on October 13, 2025, and by defendant Sala Musaed, on his own behalf and on behalf of defendant Arkan Food Corp. (Arkan), on October 16, 2025. Sett. Ag. at 4. The parties consented to my jurisdiction for all purposes on October 23, 2025, and the District Judge so-ordered the reference on October 27, 2025. *See* Dkt. 15. On April 24, 2026, at the Court's request, attorney Nardo submitted a supplemental letter explaining that defendants were "represented and counseled by Michael Ross, Esq." in connection with the Settlement Agreement. Dkt. 16.[2] Additionally, attorney Nardo attached (i) his Representation Agreement with plaintiff (Dkt. 16-1), and (ii) a letter from Michael Collins, who stated that he was paid $125 to serve process upon defendants on August 1, 2025. Dkt. 16-2.

For the reasons that follow, plaintiff's motion will be granted.

---

[1] Plaintiff's last name was spelled "Villava" in his complaint (Compl.) (Dkt. 1), but since then has been spelled "Villalva," including in the Settlement Agreement. *See* Sett. Ag. at 1, 4. The Court therefore adopts that spelling.

[2] Attorney Ross never entered an appearance in this matter.

**Background**

Plaintiff filed this action on July 25, 2025, seeking damages for unpaid minimum and overtime wages, and related relief, under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). *See* Compl. ¶¶ 28-73. Plaintiff alleged that he worked as a deli clerk at Arkan, which was owned and/or managed by Musaed, from February 14 through September 14, 2024, during which period he worked six days a week, for a total of approximately 66 hours per week, for a flat rate that began at $500 per week and was later raised to $800 per week, *id*. ¶¶ 7-10, and that he was not given an uninterrupted half-hour meal break as required. *Id*. ¶ 12.

Plaintiff served defendants with process on August 1, 2025 (Dkts. 8-9), but defendants did not answer. On September 12, 2025, attorney Nardo advised the Court that the parties had reached a "tentative resolution of the matter" (Dkt. 11), and on October 15, 2025, as noted above, he filed the letter-motion now before the Court.

**Settlement Agreement**

Under the Settlement Agreement, defendants will pay a total of $16,000 to resolve all of plaintiff's claims, with one-third ($5,333) allocated to attorney Nardo, for his fees and expenses, and the remaining two-thirds ($10,667) going to the plaintiff. Sett. Ag. ¶ 1. The $16,000 is to be paid within 20 days after the Court approves the settlement and plaintiff has executed an IRS Form W-9. *Id*. In exchange, plaintiff will release defendants from all "FLSA and related NYLL wage and hour claims that were asserted or could have been asserted by Plaintiff against [Defendants] in the Action." *Id*. ¶ 3. There is no confidentiality or non-disparagement clause.

**Discussion**

I find that the terms of the Settlement Agreement, both financial and non-financial, are fair and reasonable, as required by *Cheeks*, 796 F.3d at 199. For settlement purposes, plaintiff calculates his "base damages" (not counting liquidated damages and potential penalties) at

2

$17,820, which he describes as an "optimistic, best-case scenario outcome." Pl. Letter at 2. The gross settlement amount of $16,000 is almost 90% of the "base damages" estimate, while the amount earmarked for plaintiff, $10,667, is approximately 60%. Since defendants "dispute many of [plaintiff's] factual allegations, including the hours allegedly worked," *id*. – and plaintiff does not claim that he can substantiate his allegations with time records or other corroborating evidence – the negotiated settlement payment appears to be fair. *See Tapia v. Nations Roof E., LLC*, 2022 WL 2104245, at *1 n.1 (S.D.N.Y. June 10, 2022) (collecting cases approving FLSA settlements for amounts ranging from 7% to one-half of plaintiffs' claimed damages, where the parties disputed the hours actually worked by the plaintiffs). Additionally, as plaintiff notes, the Settlement Agreement "eliminates the delay and risks of trial and collection." Pl. Letter at 2.

The attorneys' fee allocation, which is one-third of the gross settlement amount, is also fair. *See Hall v. City of New York*, 2025 WL 1795943, at *3 (S.D.N.Y. June 30, 2025) ("Courts in this Circuit routinely approve one-third contingency fees for FLSA cases.") (collecting cases). In this case, moreover, the proposed fee award is slightly less than the sum to which counsel would be entitled under the Representation Agreement that plaintiff signed. That agreement permits attorney Nardo to retain 33-1/3% of "the gross sum recovered," whether by settlement or otherwise, and states that any "unpaid costs" will be "charged to [the] client's share of the proceeds." Rep. Ag. ¶ 3. Here, the unpaid costs amount to $530 (the $405 filing fee and the $125 service fee), but counsel has not charged those costs to the "client's share."

Because this action was settled early – without any motion practice or formal discovery – the fee award is higher than attorney Nardo's lodestar, which he calculates at $3,722, using an hourly rate of $450, *see* Pl. Letter at 3, but which the Court calculates at $3,060, using the same hourly rate. *See* Pl. Letter Ex. 3 (Dkt. 13-2) (attorney Nardo's timesheet, showing a total of 6.8 hours expended on this action). This does not, however, undermine the fairness of the fee award,

as the multiplier is not excessive and – as plaintiff points out – focusing too heavily on counsel's lodestar when evaluating fees has the "potential to 'create a disincentive to early settlement.'" *Hyun v. Ippudo USA Holdings*, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016) (Nathan, J.) (quoting *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 418 (2d Cir. 2010)).

As noted above, the Settlement Agreement does not include any confidentiality clause or other restriction upon plaintiff's ability to discuss his settlement or the underlying claims. Nor are there any other problematic non-economic terms. I therefore conclude that the Settlement Agreement represents "a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Perossio v. Pure Growth Consulting, LLC*, 2023 WL 1368002, at *2 (S.D.N.Y. Jan. 31, 2023) (quoting *Mamani v. Licetti*, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014)).

## Conclusion

For the reasons set forth above, plaintiff's letter-motion at Dkt. 13 is GRANTED, the Settlement Agreement is APPROVED as fair and reasonable, and this action is DISMISSED WITH PREJUDICE. Plaintiff's counsel is directed to serve copies of this Order on his client (together with a Spanish translation if plaintiff is not fluent in English), and on defendants' counsel Michael Ross, and to file proof of such service on the docket. The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York          SO ORDERED.
       May 13, 2026

_____
**BARBARA MOSES**
**United States Magistrate Judge**